IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

TERRANCE L. BATTLE,

    Plaintiff,

v.                                  CIVIL ACTION NO. 5:09-0058
                                   (Criminal No. 5:04-00179)

UNITED STATES OF AMERICA,

    Defendant.

## MEMORANDUM OPINION AND ORDER

Pending before the court is plaintiff's motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. By Standing Order, the action was referred to United States Magistrate Judge R. Clarke VanDervort for submission of findings of fact and recommendation regarding disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Magistrate Judge VanDervort submitted his Findings and Recommendation ("PF&R") to the court on November 2, 2011, in which he recommended that the court deny plaintiff's motion under 28 U.S.C. § 2255, and remove the matter from the court's docket.

In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days plus three mailing days in which to file any objections to Magistrate Judge VanDervort's Findings and Recommendations. On November 18, 2011, plaintiff filed his objections. With respect to those objections, the court has conducted a de novo review.

I.  Background

On February 16, 2005, Battle pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  At sentencing, the court determined that a base offense level of 24 was appropriate, pursuant to U.S.S.G. § 2K2.1(a)(2), because appellant had two prior controlled-substance felony convictions.  On appeal to the United States Court of Appeals for the Fourth Circuit, Battle asserted that he had only one qualifying prior felony controlled substance offense conviction and that the district court thus erred by applying § 2K2.1(a)(2).

U.S.S.G. § 2K2.1(a)(2) applies if "the defendant committed any part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense."  To qualify as a felony controlled substance offense conviction under § 2K2.1(a)(2), the offense must satisfy two requirements: (1) the offense must have been a "controlled substance offense" as defined at § 4B1.2(b); and (2) the offense must have received criminal history points pursuant to § 4A1.2(a), (b), or (c).  See U.S.S.G. § 2K2.1, app. notes 1 & 12.  A "controlled substance offense" includes any offense "punishable by imprisonment for a term exceeding one year" that prohibits "the possession of a controlled substance . . . with intent to manufacture, import,

2

export, distribute, or dispense." U.S.S.G. § 4B1.2(b). The Guidelines also assign criminal history points for prior sentences of imprisonment. U.S.S.G. § 4A1.1. But if the term of imprisonment did not exceed one year, a district court may only assign points if the sentence was "imposed within ten years of the defendant's commencement of the instant offense." U.S.S.G. § 4A1.2(e)(2).

The Fourth Circuit affirmed, concluding that Battle's base offense level was properly calculated at sentencing. United States v. Battle, 499 F.3d 315, 325-26 (4th Cir. 2007). The court found that the offenses outlined in paragraphs 47 and 57 of the presentence report qualified as felony controlled substance offense convictions for purposes of § 2K2.1(a). See id. Noting that the district court had erred in not assigning criminal history points to the 1994 conviction, the appeals court determined that it was properly counted as a predicate conviction. See id.

Plaintiff's sole objection to the PF&R concerns its failure to consider the applicability of the decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), to his case. According to Battle,

> The statute under which the prior conviction in question was obtained against Battle is identical to the statute in Simmons in that both are structured to require the government to file and prove the existence of aggravating factors in

> order to subject the defendant to an enhanced
> sentence. Since those preconditions were not met
> in Battle's 1994 conviction, his actual and
> practical sentencing exposure was limited to 12
> months, and thus the conviction is not a
> qualified predicate under 2K2.1. Accordingly,
> the Magistrate's report and recommendation ought
> to be rejected to the extent it conflicts with
> the prevailing law in this Circuit and Movant's
> sentence be corrected and reduced to a level
> commensurate with a Base Offense Level of 20.

Objections at p.2. Battle did not seek to amend his § 2255 to argue that <u>Simmons</u> should govern his claim that his base offense level was improperly calculated at sentencing. His objections are the first time that he informed the court that he believed the <u>Simmons</u> decision was applicable to his case.

## II. <u>Analysis</u>

The court assumes, without deciding, that Battle may assert his <u>Simmons</u> claim in this proceeding.[1] At issue in <u>Simmons</u> was whether a prior North Carolina conviction was for "an

---

[1] As noted above, the Fourth Circuit considered the issue of whether Battle's 1994 conviction was a qualifying felony for purposes of U.S.S.G. § 2K2.1(a)(2) and concluded that it was. Absent an intervening change in the law, issues decided on direct appeal may not be relitigated on collateral review. <u>Boeckenhaupt v. United States</u>, 537 F.2d 1182, 1183 (4th Cir. 1976). The Fourth Circuit has not held that <u>Simmons</u> is retroactive nor has the Supreme Court held that <u>Carachuri—Rosendo v. Holder</u>, 130 S.Ct. 2577 (2010), the case on which the holding in <u>Simmons</u> is based, is retroactive to cases on collateral review. <u>Smith v. Rivera</u>, C/A No. 9:141-3405-DCN-BM, 2012 WL 589285, *3 (D.S.C. Jan. 27, 2012).

offense punishable by imprisonment for more than one year." Id. at 239. The Simmons court held that an offense was punishable by a prison term exceeding one year only if the specific defendant had been eligible for such a sentence considering his criminal history and the nature of the offense. Id. at 243-44.[2]

According to Battle, the 1994 conviction relied upon in determining his base offense level was not punishable by a term of imprisonment exceeding one year and, therefore, did not qualify as a predicate felony under U.S.S.G. § 2K2.1(a)(2). Battle is incorrect.

On October 14, 1994, in New Jersey Superior Court, Battle was convicted of possession with intent to distribute cocaine, in violation of N.J.S.A. 2C:35-5(a)(1) and N.J.S.A. 2C:35-5(b)(3). He was sentenced to 36 days in custody with credit for time served and three years of probation.

Under New Jersey law, possession with intent to distribute cocaine, in violation of N.J.S.A. 2C:35-5(a)(1) and N.J.S.A. 2C:35-5(b)(3), is a crime of the third degree. Under New Jersey's sentencing scheme, a person convicted of a crime of the third degree faces a term of imprisonment of between three and five years. N.J.S.A. 2C:43-6a(3). However, pursuant to N.J.S.A. § 2C:44-1(e), a first-time offender convicted of a

---

[2] In so doing, the court overruled United States v. Harp, 406 F.3d 242, 246 (4th Cir. 2005).

third-degree crime is entitled to a presumption against imprisonment. That statute provides:

> The court shall deal with a person convicted of an offense other than a crime of the first or second degree, who has not previously been convicted of an offense, without imposing sentence of imprisonment, unless having regard to the nature and circumstances of the offense and the history, character and condition of the defendant, it is of the opinion that his imprisonment is necessary for the protection of the public . . . .

N.J.S.A. § 2C:44-1(e); Henries v. United States, Civil No. 05-5013(SDW), 2008 WL 2386170, *6-7 (D.N.J. Jun. 9, 2008).

However, in United States v. Minnick, 949 F.2d 8, 9-10 (1st Cir. 1991), the United States Court of Appeals for the First Circuit concluded that, under New Jersey law, a first offense conviction of a third-degree crime is "punishable by imprisonment for a term exceeding one year" because a three to five-year prison sentence could be imposed if the presumption against non-imprisonment was overcome. Relying on Minnick, the Henries court found that the defendant's conviction of third-degree possession of a controlled substance was a prior felony conviction of a controlled substance offense for purposes of the Career Offender Guideline under the United States Sentencing Guidelines. Henries, 2008 WL 2386170, *7.

Even if the court were to agree with Battle that the decisions in Carachuri—Rosendo v. Holder, 130 S.Ct. 2577 (2010),

6

and United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), have called into question the holdings of the foregoing authorities (and the court declines to do so), Battle still would not be entitled to relief. New Jersey's presumption of non-imprisonment applies only to persons who have not previously been convicted of an offense. State of New Jersey v. Jonuzi, 2010 WL 5392768, *1 (N.J. Super. A.D. Dec. 27, 2010) ("The presumption against imposition of a sentence of imprisonment upon a defendant applies only if the defendant has not previously been convicted of an offense.") (internal citations and quotations omitted). Under the New Jersey Code, "offense" is defined as "a crime, a disorderly persons offense or a petty disorderly persons offense." N.J.S.A. 2C:1-14(K); Jonuzi, 2010 WL 5392768, *1. "Application of this presumption [against imprisonment] is defeated when a defendant has been convicted of a prior offense, including a disorderly persons offense." State v. J.P., 2012 WL 328971, * (N.J. Super. A.D. Feb. 3, 2012); see also State v. Battle, 256 N.J. Super. 268, 285 (App. Div.), certif. denied, 130 N.J. 393 (1992)("Hence, a disorderly persons offense qualifies as a prior conviction.").

At the time of his 1994 conviction, Battle was not a first-time offender. Paragraph 46 of the PSI states that, on November 4, 1991, Battle was found guilty of disorderly conduct in Rahway, New Jersey Municipal Court. He was given credit for

7

one day served.  Therefore, Battle was not entitled to the
presumption against imposition of a sentence of imprisonment.
2010 WL 5392768, *1 ("Consequently, there is no presumption
against imposition of a sentence of imprisonment in favor of a
defendant who has been previously convicted of a disorderly
persons offense."). Because his 1994 conviction was punishable
for a term exceeding one year,[3] his Base Offense Level at
sentencing was properly calculated.  Accordingly, his objection
based on Simmons is OVERRULED.

For the reasons expressed herein, plaintiff's objections
are OVERRULED.  Accordingly, the court adopts the Findings and
Recommendations of Magistrate Judge VanDervort, **DENIES**

---

[3] To the extent Battle may be arguing that because his actual sentence did not exceed one year, it was not a "controlled substance offense" under the guidelines, that argument is foreclosed by the clear language of the guidelines.  Application Note 1 of the Commentary to § 2K2.1 makes clear that a "felony conviction" is defined as "a prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony and regardless of the actual sentence imposed." (emphasis added).  Even if the Superior Court of New Jersey erroneously concluded that Battle's 1994 conviction for possession with intent to distribute qualified as a first offense under New Jersey's sentencing scheme, that does not change the fact that Battle was convicted of an offense punishable for a term of imprisonment exceeding one year. Cf. United States v. Battle, 499 F.3d 315, 325-26 (4th Cir. 2007) (upholding district court's determination of base offense level where court failed to assign criminal history points to a prior conviction when it should have done so).

plaintiff's motion under 28 U.S.C. § 2255, and directs the Clerk to remove the matter from the court's docket.

Additionally, the court has considered whether to grant a certificate of appealability. See 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). The court concludes that the governing standard is not satisfied in this instance. Accordingly, the court DENIES a certificate of appealability.

The Clerk is directed to send copies of this Memorandum Opinion and Order to counsel of record and to plaintiff, pro se.

IT IS SO ORDERED this 29th day of March, 2012.

ENTER:

David A. Faber
Senior United States District Judge